UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2004 JUN 14  PM 1: 55

BENJAMIN HERNANDEZ DE LA CRUZ,
MARIO HERNANDEZ LOPEZ,
MIGUEL GUZMAN GUZMAN, and
MARIO EDUARDO ASCENCIO HERNANDEZ,

CA No. **A04CA346 SS**

    Plaintiffs,

v.

JKJ EQUIPMENT COMPANY, INC. d/b/a CIRCUS
CHIMERA, and JAMES K. JUDKINS,

**COMPLAINT**

    Defendants

_____/

## PRELIMINARY STATEMENT

1.    This is an action for unpaid minimum wages, overtime, and contract damages

brought by four Mexican workers who were employed in Defendants' circus operations during

2003 and 2004. Plaintiffs seek money damages to redress these violations of law.

## JURISDICTION

2.    This Court has jurisdiction over the subject matter of this action pursuant to 29

U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1331 (federal question jurisdiction), and

28 U.S.C. § 1337 (actions arising under Acts of Congress regulating commerce).

3.    This Court has supplemental jurisdiction over the claims arising under state law

pursuant to 28 U.S.C. § 1367, because those claims are so related to the federal claims that they

form part of the same case or controversy.

## VENUE

*Plaintiffs' Original Complaint*                                                               1

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

PARTIES

5.      Each of the Plaintiffs is a citizen of Mexico who, at all times relevant herein, was lawfully admitted to the United States on a temporary work visa pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

6.  Defendant JKJ EQUIPMENT COMPANY, INC. is a corporation organized under the laws of Oklahoma doing business in the Austin Division of the Western District of Texas.

7.  Defendant JAMES K. JUDKINS is an individual residing in Hugo, Oklahoma.

FACTS

8.  At all times relevant herein, Defendant JKJ Equipment Company d/b/a Circus Chimera was an enterprise engaged in commerce as that term is defined in 29 U.S.C. §§ 203(r) and (s).

9.  In 2003 and again in 2004, Defendants petitioned the U.S. Department of Labor for permission to import temporary foreign workers through the U.S. Government's "H-2B" visa program.  Defendants sought these visas so that they could hire Mexican circus laborers, including Plaintiffs.

10.  Defendants hired Plaintiffs as circus laborers in 2003 and 2004.

11.  Defendant James K. Judkins acted as an employer of Plaintiffs during 2003 and 2004, as that term is defined in 29 U.S.C. § 203(d).

12.  The terms of the work contracts under which Plaintiffs were employed by Defendants in 2003 and 2004 were determined by, *inter alia,* (a) the terms offered in the "Application for Alien Employment Certification" submitted by Defendants to the United States

Department of Labor to obtain permission to import foreign workers, (b) the terms of work set forth in the regulations governing Plaintiffs' visas, 20 C.F.R. § 655, and (c) oral promises made to Plaintiffs by Defendants.

13.  Plaintiffs' 2003 work contract offered, *inter alia*, the following terms of work:

    i.    Employment for the term January 1, 2003 through December 15, 2003;

    ii.    $7.54 per hour for regular hours, $11.31 per hour for overtime hours, plus meals, travel and living accomodations during the season;

    iii.    A guarantee that the wage paid would "equal or exceed the prevailing wage which is applicable at the time the alien begins work"; and,

    iv.    Worker compensation coverage.

14.  Plaintiffs' 2004 work contract offered, *inter alia*, the following terms of work:

    i.    Employment for the term December 26, 2003 through December 10, 2004;

    ii.    Wages of $7.61 per hour for regular hours, $11.42 for overtime hours, plus meals, travel and living accommodations during the season;

    iii.    Round-trip transportation to both enter and exit the U.S.;

    iv.    A guarantee that the wage paid would "equal or exceed the prevailing wage which is applicable at the time the alien begins work"; and,

    v.    Worker compensation coverage.

15.  In order to get to Defendants' operations and commence work under the 2003 and 2004 contracts, Plaintiffs had to pay various fees and expenses, including, but not limited to, visa fees and bus fare and subsistence from their home towns in Mexico to Monterrey, Mexico.

16.  The expenses described in paragraphs 15 were primarily for the benefit of the

*Plaintiffs' Original Complaint*                                                                                          3

Defendants as Plaintiffs' employers.

17.  Under both the 2003 and 2004 contracts Plaintiffs worked in excess of 40 hours per week.

18.  Defendants failed to pay Plaintiffs an average of at least the minimum wage for all regular hours of work and failed to pay overtime for hours worked in excess of 40 hours under both the 2003 and 2004 contracts.

19.  During the course of Plaintiffs' employment under the 2003 contract, Defendants:

> (i) failed to provide worker compensation benefits to Plaintiffs;
> (ii)  failed to pay the hourly and overtime wages promised in the contract;
> (iii) failed to pay for meals, travel and accommodations during the season; and,

20.  During the course of Plaintiffs' employment under the 2004 contract, Defendants:

> (i) failed to provide worker compensation benefits to Plaintiffs;
> (ii)  failed to pay the hourly and overtime wages promised in the contract;
> (iii) failed to pay for meals, travel and accomodations during the season; and,
> (iv)  failed to pay Plaintiffs' transportation costs to the job.

21.  Plaintiffs complained repeatedly to Defendants regarding Defendants' failure to comply with the 2004 contract terms.  Defendants continued refusal to comply with the contract despite these complaints operated to constructively discharge Plaintiffs from their jobs in March 2004.

22.  Plaintiffs presented Defendants with a demand for the just amount due and owing on their contract claims pursuant to Tex. Civ. P. & Rem. Code Chap. 38.  More than 30 days have passed since that time and the just amount due and owing has not been paid.

23.  All conditions precedent to this action have been satisfied.

24.  All actions and omissions alleged herein were undertaken by Defendants either directly and/or through their agents.

*Plaintiffs' Original Complaint*                                                                                                4

## FIRST CAUSE OF ACTION

25. By failing to pay Plaintiffs minimum wage and/or their regular wage for all regular hours and overtime for all hours in excess of 40 hours in each work week, Defendants violated Plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207, for which Plaintiffs are entitled to relief pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

26. The facts described above constitute a breach of contract for which Plaintiffs are entitled to relief under the common law of the State of Texas.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that, upon trial of this action, this Court enter an order:

(a) Granting judgment in favor of Plaintiffs on their Fair Labor Standards Act claim and awarding them their unpaid minimum wages, regular wages and overtime, and an equal amount of liquidated damages;

(b) Granting judgment in favor of Plaintiffs on their contract claim and awarding them their damages for the Defendants' contractual breaches;

(c) Awarding Plaintiffs their costs of court and reasonable attorney's fees pursuant to the Fair Labor Standards Act and Tex. Civ. P. & Rem. Code Ch. 38; and

(e) Granting such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

Edward Tuddenham
1203 Newning Ave.
Austin, Texas 78704
(512) 441-9759
Fax:  (512) 443-4258

William H. Beardall, Jr.
EQUAL JUSTICE CENTER

510 South Congress Ave., Suite 206
Austin, Texas 78704
(512) 474-0007
Fax:  (512) 474-0008

By:_____
    Edward Tuddenham
    Texas Bar No. 20282300

ATTORNEYS FOR PLAINTIFFS