UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
JUL 23 2004
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
      DEPUTY CLERK

| | |
|---|---|
| BENJAMIN HERNANDEZ DE LA CRUZ, § <br> MARIO HERNANDEZ LOPEZ, § <br> MIGUEL GUZMA GUZMAN, and § <br> MARIO EDUARDO ASCENCIO HERNANDEZ § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> JKJ EQUIPMENT COMPANY, INC. d/b/a § <br> CIRCUS CHIMERA, and JAMES K. JUDKINS, § <br> § <br> Defendants. § | CIVIL ACTION NO. <br> A04CA346SS |

## MOTION TO DISMISS OR TRANSFER VENUE

Defendants, JKJ Equipment Company, Inc. d/b/a Circus Chimera ("JKJ Equipment"), and James K. Judkins ("Judkins") submit this motion to dismiss the plaintiffs' suit for improper venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), or alternatively to transfer venue under 28 U.S.C. § 1406(a) and/or 28 U.S.C. § 1404(a).

### I. INTRODUCTION

Judkins and JKJ Equipment operate a traveling circus, Circus Chimera, that performs across the United States. Plaintiffs, residents and citizens of Mexico, were hired to travel and work with the circus during its 2003 and 2004 season. Plaintiffs left the Circus in the spring of 2004. They filed this lawsuit alleging that the defendants did not pay them minimum wage and/or their regular wage for all hours worked and overtime for all hours worked in excess of 40 hours in each workweek. As none of the parties reside in, and there is little or no connection to, the Western District of Texas, Defendants bring this motion asking the Court to dismiss or transfer the suit because venue is both improper and inconvenient.



## II. FACTS

1. James K. Judkins is an individual whose residence is in Hugo, Oklahoma. Judkins owns and operates JKJ Equipment ("JKJ Equipment"), an Oklahoma corporation. (Ex. A: Judkins Declaration ¶ 2)

2. JKJ Equipment does business as Circus Chimera ("the Circus"), a traveling circus that tours throughout the United States. The Circus's touring schedule runs from approximately January through November each year ("the season"). (Ex. A: ¶ 3-4).

3. JKJ Equipment maintains its mailing address and three offices in Hugo, Oklahoma. During the season, JKJ Equipment maintains 9 to 11 employees in its Hugo offices. During the winter, JKJ Equipment maintains 3 employees in Hugo. (Ex. A: ¶ 5).

4. All taxes are deposited in Oklahoma and paid through the Hugo office. Unemployment taxes are paid on all employees through the state of Oklahoma. (Ex. A: ¶ 6).

5. While current payroll and employment records travel with the Circus, past records are boxed and stored in Hugo, Oklahoma. (Ex. A: ¶ 7).

6. JKJ Equipment hires performers and workers from around the world – Mongolia, Russia, Argentina, Peru, Honduras, and Canada, as well as Mexico and the U.S. (Ex. A: ¶8).

7. The prevailing wage rate used to obtain H2B visas for JKJ Equipment's international non-performing workers is based on prevailing wages in Hugo, Oklahoma. (Ex. A: ¶ 9).

8. The plaintiffs in this lawsuit are all Mexican citizens and maintain no U.S. residence. The plaintiffs worked for JKJ Equipment during 2003 and a small part of 2004. (Plaintiffs' Complaint ¶ 5, 12; Ex. A: ¶ 10).

9. During the entire time that the plaintiffs worked for JKJ Equipment, the Circus performed in the Western District of Texas for only ten days, from November 14 through November 23 in 2003 – three days in Killeen, two days in Kyle, and five days in Austin. (Ex. A: ¶ 11).

10. Plaintiffs have asserted a cause of action for violations of the Fair Labor Standards Act, alleging that they were not paid minimum wage and/or overtime for the hours of work they performed for Defendants. (Plaintiff's Complaint ¶ 25). In addition, the plaintiffs have invoked the Court's supplemental jurisdiction to bring a state law claim for breach of contract. (Plaintiff's Complaint ¶ 26).

### III. ARGUMENT

**A. The Court should dismiss the plaintiffs' lawsuit because venue is not proper in the Western District of Texas.**

If an action is filed in an improper judicial district, the Court may, upon timely objection, dismiss the action. 28 U.S.C. § 1406(a). Under the general venue statute, where jurisdiction is not founded solely on diversity of citizenship, a lawsuit may only be brought in: 1) a district where any defendant resides, if all reside in the same state; 2) in a district where a substantial part of events or omissions giving rise to the claim occurred, or in which a substantial part of the property at issue is situated; or 3) in a district where any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b)(1)-(3).

Plaintiffs cannot establish venue in Texas under § 1391(b)(1) because neither James Judkins nor JKJ Equipment are residents of Texas, much less the Western District. As the plaintiffs' Complaint correctly alleges, Judkins is an individual whose residence is in Hugo, Oklahoma. Likewise, JKJ Equipment, is incorporated in Oklahoma and maintains its principal place of business in Hugo, Oklahoma.

In addition, the plaintiffs cannot establish venue in Texas under §1391(b)(2) because their claims do not have a substantial connection to the Western District of Texas. The plaintiffs' allege no connection between their claims and any event occurring in the Western District of Texas. The plaintiffs are residents and citizens of Mexico, and the defendants are residents of Oklahoma. None of the key business and payroll records are located in Texas. In fact, other than a short string of performances in 2003, the only connection to plaintiffs' choice of venue appears to be the wholly irrelevant fact that their counsel is located in Austin. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) (location of counsel is irrelevant to the determination of venue).

Finally, § 1391(b)(3) is inapplicable here because, as explained below, venue would be proper, and this lawsuit could have been brought, in the Eastern District of Oklahoma. Thus, the plaintiffs cannot establish that venue would be proper in the Western District of Texas under any prong of 28 U.S.C. § 1391(b).

**B.  Alternatively, the Court should transfer venue to the Eastern District of Oklahoma in the interest of justice and the convenience of the parties.**

Where the plaintiffs' choice of venue is improper, the Court may, if warranted by the interests of justice, transfer the case to a district where the action could have been brought. 28 U.S.C. §1406(a). Even if the plaintiffs' choice of venue were proper, the Court may transfer the case to any other district where it might have been brought for the convenience of the parties or its witnesses and in the interests of justice. 28 U.S.C. § 1404(a). When analyzing the questions of convenience of the parties/witnesses and the interests of justice,[1] courts consider a number of private and public factors including: the local interest in having localized interests decided at home; the relative ease of access to sources of proof; the availability of compulsory process to

---

[1] Both of the defendants are residents of Hugo, Oklahoma, making venue in the Eastern District of Oklahoma proper under 28 U.S.C. § 1391(b)(1).

secure the attendance of witnesses; and other practical issues that make the trial of a case easy, expeditious, and inexpensive. *Piper Aircraft Co. v. Reno*, 454 U.S. 235, 241 n.6 (1981); *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004); *In re Volkswagen AG*, 2004 U.S. App. LEXIS 9683, *6-7 (5th Cir. 2004) (per curiam).

Here, the balance of those private and public interests dictates that the Court transfer the case to the Eastern District of Oklahoma. The plaintiffs, residents and citizens of Mexico, have no connection to their chosen forum in Austin, thus any presumption favoring their choice of venue disappears. *Reed v. Fina Oil & Chem. Co.*, 995 F. Supp. 705, 714 (E.D. Tex. 1998). More importantly, the convenience of key witnesses is "arguably the most important factor in deciding whether a case should be transferred." *Id.*; *Cole v. Sherman Fin. Group, L.L.C.*, 2003 U.S. Dist. LEXIS 22562, *8 (E.D. Tex. October 28, 2003). The defendants' key witnesses – Judkins and other JKJ Equipment employees such as Alan G. Jones, who can testify as to plaintiffs' hours and pay – are located in Hugo, Oklahoma. *Id.* Similarly, the essential documents and other sources of proof, such as JKJ Equipment's business and payroll records, are located solely in Hugo. In contrast, plaintiffs cannot point to any key evidence or documents that can be found in Texas. Thus, the interests of justice warrant a transfer of this lawsuit to the Eastern District of Oklahoma.

### III. CONCLUSION

Because the plaintiffs have filed suit in an improper and/or inconvenient forum, Defendants respectfully ask the Court to dismiss the suit or, alternatively, to transfer venue in this case to the Eastern District of Oklahoma.

Respectfully Submitted,

_____
Michael W. Fox
Texas State Bar #: 07335500          by permission
Robert Chance                         Robert Chance
Texas State Bar #: 24036348
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
301 Congress Avenue, Suite 1250
Austin, Texas 78701
512.344.4700
512.344.4701 facsimile

Attorney for Defendants JKJ Equipment
Company, Inc. d/b/a Circus Chimera, and
James K. Judkins

# CERTIFICATE OF SERVICE

This is to certify that I have this day mailed, via facsimile and certified mail, return receipt requested, a true and correct copy of the foregoing document to the following:

Edward Tuddenham, Esquire
1203 Newning Avenue
Austin, Texas 78704
512.443.4258 facsimile

William H. Beardall, Jr.
Equal Justice Center
510 South Congress Avenue, Suite 206
Austin, Texas 78704
512.474.0008 facsimile

SO CERTIFIED, this ____ day of _____, 2004.

_____
Robert M. Chance

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BENJAMIN HERNANDEZ DE LA CRUZ, <br> MARIO HERNANDEZ LOPEZ, <br> MIGUEL GUZMA GUZMAN, and <br> MARIO EDUARDO ASCENCIO HERNANDEZ <br><br> Plaintiffs, <br><br> v. <br><br> JKJ EQUIPMENT COMPANY, INC. d/b/a <br> CIRCUS CHIMERA, and JAMES K. JUDKINS, <br><br> Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> A04CA346SS |

## DECLARATION OF JAMES K. JUDKINS

1. My name is James K. Judkins. I am over 21 years of age, of sound mind, and fully qualified and competent in all respects to make this Declaration. The facts set forth in this Declaration are based upon my personal knowledge and are true and correct.

2. I am an individual whose residence is in Hugo, Oklahoma. I own and operate JKJ Equipment ("JKJ Equipment").

3. JKJ Equipment is an Oklahoma corporation that does business as Circus Chimera.

4. The circus tours throughout the United States. The touring schedule varies from year to year, but runs from approximately January through November.

5. JKJ Equipment maintains its mailing address and three offices in Hugo, Oklahoma. During the circus season, JKJ Equipment maintains 9 to 11 employees in its Hugo offices. During the off-season, or winter, JKJ Equipment maintains 3 employees in the Hugo offices.


EXHIBIT "A"

6. All taxes related to JKJ Equipment are deposited in Oklahoma and paid through the Hugo office. Likewise, JKJ Equipment pays unemployment taxes for all of its employees through the state of Oklahoma.

7. Current payroll and employment records travel with the Circus, but past records are boxed and stored in Hugo, Oklahoma.

8. JKJ Equipment hires performers and workers from around the world – Mongolia, Russia, Argentina, Peru, Honduras, and Canada, as well as Mexico and the U.S.

9. The prevailing wage used to obtain H2B visas for the non-performer workers, such as the plaintiffs, is determined based on wages in the Hugo, Oklahoma area.

10. The plaintiffs worked with JKJ Equipment during all or part of the 2003 and 2004 seasons. They resigned their employment with JKJ Equipment in Prescott, Arizona in March 2004.

11. During the entire time that the plaintiffs worked for JKJ Equipment, the only time the Circus performed in the Western District of Texas was during a ten day period from November 14 through November 23 in 2003. The Circus performed three days in Killeen, two days in Kyle, and five days in Austin. .

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on July 21, 2004.

_____
James K. Judkins